**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

VARSHABEN PATEL,

          Plaintiff,

v.                                                           Case No. 8:22-cv-1082-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

          Defendant.

_____

## OPINION AND ORDER[1]

### I. Status

Varshaben Patel ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of neuropathy and depression. Transcript of Administrative Proceedings (Doc. No. 19; "Tr." or "administrative transcript"), filed August 5, 2022, at 52, 65, 195. Plaintiff protectively filed an application for DIB on May

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed May 18, 2022; Reference Order (Doc. No. 16), entered May 19, 2022.

13, 2020, alleging a disability onset date of April 29, 2020.[2] Tr. at 174-80. The application was denied initially, Tr. at 52-61, 62, 82, 83-86, and upon reconsideration, Tr. at 63, 64-80, 89, 91, 92-104.

On October 5, 2021, an Administrative Law Judge ("ALJ") held a hearing,[3] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 31-51. At the time of the hearing, Plaintiff was fifty-six (56) years old. Tr. at 36. On November 3, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-26.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her counsel in support. See Tr. at 4-5 (Appeals Council exhibit list and order), 171-73 (request for review), 262-64 (brief). On March 4, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On May 9, 2022, Plaintiff commenced this action under 42

---

[2] Although actually completed on May 18, 2020, see Tr. at 174, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as May 13, 2020, see, e.g., Tr. at 52, 65.

[3] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances presented by the early stages of the COVID-19 pandemic. Tr. at 33, 124-37, 163, 255.

U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred by: (1) finding at step two of the sequential evaluation inquiry that she does not have a severe mental impairment; and (2) failing to consider her mental symptoms when evaluating the residual functional capacity ("RFC"). Plaintiff's Memorandum in Support of Remand or Reversal (Doc. No. 21; "Pl.'s Mem."), filed September 24, 2022, at 1, 4, 18. On November 3, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Def.'s Mem.") responding to Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the evidence relating to Plaintiff's alleged mental impairments.

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 17-26. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 29, 2020, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: Autoimmune disorder; epicondylitis; peripheral neuropathy; degenerative disc disease." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 19 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except that [Plaintiff] is frequently able to use the upper extremities for grasping and fine manipulation, occasionally crouch, crawl, kneel, stoop, balance, and climb ramps and stairs, and never climb ladders, ropes, or scaffolds.

Tr. at 19 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "General Duty Nurse." Tr. at 24 (some emphasis, capitalization, and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("55 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 25 (emphasis and citations omitted), such as "Phlebotomist" and "Medical Record Clerk," Tr. at 26 (emphasis and some capitalization omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from April 29, 2020, through the date of th[e D]ecision." Tr. at 26 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by

'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in finding at step two that she does not have a severe mental impairment. Pl.'s Mem. at 1, 4-18. According to Plaintiff, because the ALJ did not consider the mental impairment evidence at later

steps in the sequential inquiry, the matter must be remanded for the ALJ to do so.[5] Id. at 1, 18-21. Responding, Defendant argues Plaintiff did not meet her burden of showing at step two that she has a severe mental impairment. Def.'s Mem. at 4-14. Further, Defendant contends the ultimate RFC assigned is supported by substantial evidence. Id. at 14-16.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (quoting McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v.

---

[5] Plaintiff actually argues for reversal with benefits, or in the alternative, remand. Pl.'s Mem. at 21-22. This is not a reversal with benefits case.

Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; see also Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141; Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52. "The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two

because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 902 (11th Cir. 2011) (unpublished).

Any error in identifying severe impairments at step two is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process." Burgin, 420 F. App'x at 903 (citation omitted); see Schink, 935 F.3d at 1268 (a step two error "could be harmless if the ALJ nevertheless proceeded in the sequential evaluation, duly considered [the claimant's] mental impairment when assessing his RFC, and reached conclusions about [the claimant's] mental capacities supported by substantial evidence"); Heatly, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether severe or not, in combination"); Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national

economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ recognized diagnoses of depression, bipolar disorder, and anxiety but found at step two that Plaintiff's "mental impairments are non-severe." Tr. at 18. In support, the ALJ wrote:

> [Plaintiff]'s medically determinable mental impairment of bipolar disorder does not cause more than minimal limitation in [Plaintiff]'s ability to perform basic mental work activities and is therefore non-severe.
>
> [Plaintiff] alleged that she is disabled in part due to depression. However, she alleged that she only has difficulty with her memory, getting along with others, and concentrating, persisting, or maintaining pace due to physical pain that causes irritability and frustration, rather than any psychological issues. Furthermore, [Plaintiff] reported that she is able to live alone, care for herself, take medications and perform personal care without reminders, prepare simple meals, manage money, spend time with others, including her boyfriend, have people help her with activities, go out alone, and follow instructions, subject only to limitations from physical pain.

> Turning to the medical evidence, two months prior to the alleged onset date, [Plaintiff] reported controlled anxiety and depression. Thereafter, [Plaintiff] reported some mood fluctuations and irritability due to physical symptoms and demonstrated some depressed moods on neurological examinations. Nonetheless, she consistently demonstrated fair attention, good alertness, orientation, naming, and speech, and overall "fair" memory, despite some abnormalities in specific memory testing. Similarly, [Plaintiff] reported depress[ion] and irritability due to her physical issues during other medical treatment, but did not demonstrate any significant objective mental status abnormalities or deficits.

Tr. at 18 (citations omitted).

Then, the ALJ assessed the broad areas of mental functioning set forth in the Regulations and 20 C.F.R. Part 404, Subpart P, Appendix 1, and found Plaintiff has no limitation in any areas (those being: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself). Tr. at 18. At step two, the ALJ concluded that because there is no limitation in the functional areas and because "the evidence does not otherwise indicate that there is more than a minimal limitation in [Plaintiff's] ability to do basic work activities," Plaintiff's mental impairments are not severe. Tr. at 18. Later, when assessing the RFC, the ALJ did not include any mental limitations. Tr. at 19.

The ALJ's finding that Plaintiff's mental disorders are not severe is not supported by substantial evidence. To start, it is unclear from where in the record the ALJ spotted a diagnosis of bipolar disorder, as no evidence of such a disorder is discussed and no citation is provided. See Tr. at 18. Nor does Plaintiff allege she suffers from this disorder. See, e.g., Pl.'s Mem. at 6 (listing her various mental and cognitive diagnoses).

The ALJ next discussed the allegations of depression. Tr. at 18. In so doing, the ALJ relied on a partially inaccurate portrayal of the daily activities that Plaintiff endorsed. The ALJ stated that Plaintiff could "care for herself," Tr. at 18, but Plaintiff actually reported needing someone else to cook, clean, and do yard work. Tr. at 203; see also Tr. at 42 (Plaintiff's testimony), 319 (treatment note regarding grocery shopping being done by someone else). The ALJ did not discuss Plaintiff's report that she requires a reminder to go places and needs someone to accompany her but can "rarely" go out alone, Tr. at 204, 205, instead finding that Plaintiff can "go out alone," Tr. at 18.

As to the medical evidence, the ALJ first noted that "two months prior to the alleged onset date, [Plaintiff] reported controlled anxiety and depression." Tr. at 18. This statement is accurate in that provider Nanda Rashmi, M.D., noted on February 20, 2020 that Plaintiff had a "history of anxiety [and] depression that is controlled." Tr. at 272 (emphasis and capitalization omitted). But later, on August 18, 2020, Dr. Rashmi noted

Plaintiff's complaints of insomnia, "mild[] depress[ion]," and "excessive irritability when she deals with people." Tr. at 319. Dr. Rashmi recommended counseling. Tr. at 320. The irritability claim also consistently appears in Plaintiff's self reports. Tr. at 41 (Plaintiff testifying about irritability), 201-08 (Plaintiff's function report form[6]).

The ALJ may or may not have been accurate in finding that Plaintiff's alleged mental symptoms were "due to her physical issues." Tr. at 18. There is some support for this finding. Regardless, the import is unclear. If Plaintiff has mental limitations from her physical issues, then she has mental limitations in her ability to perform basic work functions for which no accounting was made by the ALJ in the RFC. Moreover, the ALJ's finding that Plaintiff "did not demonstrate any significant objective mental status abnormalities or deficits," Tr. at 18 (citations omitted), effectively elevated the step two inquiry into something more than the requirement that an impairment merely affect an individual's ability to perform basic work activities. See Bowen, 482 U.S. at 141; Simon, 7 F.4th at 1101 (citing 20 C.F.R. § 404.1520(c)).

---

[6] In fact, Plaintiff's irritation with the relatively simple task of filling out the form is evident in her responses. Tr. at 203 ("I told you so many times"), 204 ("because I am in pain, how many times I told you"), 208 ("How many times you asked me same questions, makes me so much pain in my hands and gets me irritable and I am sick and tired").

Beyond that, the medical evidence cited by the ALJ does not adequately account for the mental limitations that Plaintiff experiences. Plaintiff's neurologist, Harish Patel, M.D. (who is not related to Plaintiff, see Tr. at 41), noted her to be depressed during every visit. Tr. at 299, 302, 306, 309, 312, 342, 346, 350, 354, 358, 362, 366, 370, 374, 378, 381, 384, 388, 391, 468, 472, 476, 480, 484, 487, 491. Plaintiff always presented with poor immediate, recent and remote memory. Tr. at 299, 302, 306, 309, 312, 342, 346, 350, 354, 358, 362, 366, 370, 374, 378, 381, 384, 388, 391, 468, 472, 476, 480, 484, 487, 491. Her recall was similarly characterized as poor. Tr. at 299, 302, 306, 309, 312, 342, 346, 350, 354, 358, 362, 366, 370, 374, 378, 381, 384, 388, 391, 468, 472, 476, 480, 484, 487-88, 491. The neurological examination of her overall memory status was noted as fair. Tr. at 299, 302, 306, 309, 312, 342, 346, 350, 354, 358, 362, 366, 370, 374, 378, 381, 384, 388, 391, 468, 472, 476, 480, 484, 488, 491. Dr. Patel prescribed medications for the memory loss. Tr. at 469. In addition to endorsing depression, anxiety, and sleeping problems to Dr. Patel, Plaintiff complained of depression and anxiety to other providers. See, e.g., Tr. at 319, 397, 399.

The ALJ also relied in part on a non-examining psychologist and a non-examining psychiatrist to find Plaintiff's mental impairments are not severe. Tr. at 24. But, these opinions were rendered without the benefit of all of the evidence on the mental impairments. See Tr. at 57, 71. Even the evidence that

was considered by these non-examining sources noted poor memory and fair memory status. Tr. at 57, 71. Moreover, both sources found Plaintiff had mild limitations in all four functional areas, Tr. at 56, 70-71, findings that the ALJ rejected without explicitly saying so, see Tr. at 18.

The ALJ's determination that the mental impairments are not severe and there are no mental limitations for which to account in the RFC is unsupported by substantial evidence. Reversal and remand for reconsideration is required.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the evidence relating to Plaintiff's alleged mental impairments both at step two and in assessing the RFC; and

(B) Take such other action as may be necessary to resolve this claim properly.

   2.   The Clerk is further directed to close the file.

   **DONE AND ORDERED** in Jacksonville, Florida on September 21, 2023.

                                               _____
                                                         JAMES R. KLINDT
                                                  United States Magistrate Judge

kaw
Copies to:
Counsel of Record